UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREW WHITE,

                    Petitioner,

          -v-                                    1:96-CV-1912 (LEK)

UNITED STATES,

                    Respondent.

_____

## DECISION AND ORDER

Presently before the Court is a Motion for Relief from Judgment, filed by Petitioner Andrew White ("Petitioner") pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Dkt. No. 26. For the following reasons, Petitioner's Motion is denied.

## I.     BACKGROUND

In 1989, Petitioner and five co-defendants were convicted of various charges involving a drug trafficking ring based in Saratoga Springs, New York. Petitioner's appeal to the Second Circuit Court of Appeals was denied. United States v. Cephas, 937 F.2d 816 (2d Cir. 1991). On December 4, 1996, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On October 23, 1997, the Court granted in part and denied in part Petitioner's § 2255 motion. Dkt. No. 13.[1] The Court vacated Petitioner's convictions as to all but one count pursuant to 18 U.S.C. § 924(c). Id. On November 10, 1997, Petitioner moved for reconsideration of the Court's October 23, 1997 Order. Dkt. No. 15. The Court denied Petitioner's motion for

_____

[1] A more complete recitation of the facts can be found in the Court's October 23, 1997 Order.

reconsideration on January 5, 1998, and denied Petitioner's application for a certificate of

appealability.  Dkt. No. 18.  On January 28, 1998, Petitioner filed a notice of appeal as to the

Court's denial of his motion for reconsideration.  Dkt. No. 22.  The Second Circuit consolidated

Petitioner's appeal with that of his co-defendants and denied the appeal on October 22, 1999.

USCA Case No. 98-2112.

Petitioner filed the instant Motion on May 6, 2008.  Dkt. No. 26.  The Government

submitted a Response on June 20, 2008.  Dkt. No. 29.

## II.    DISCUSSION

### A.    Federal Rule of Civil Procedure 60(b)(4)

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or

proceeding" if, inter alia, the judgment is void.  FED. R. CIV. P. 60(b)(4).  A judgment is void for

purposes of Rule 60(b)(4) "only if the court that rendered [the judgment] lacked jurisdiction of the

subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."

Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation and

citations omitted).  Rule 60(b) motions "are addressed to the sound discretion of the district court

and are generally granted only upon a showing of exceptional circumstances."  Mendell In Behalf of

Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted).

### B.    Timeliness of Motion

The Government argues that Petitioner's Motion should be dismissed as untimely.  A motion

for relief from judgment pursuant to Rule 60(b)(4) must be made "within a reasonable time."  FED.

R. CIV. P. 60(c)(1).  When defining what constitutes a "reasonable time" for purposes of Rule

60(b)(4), the Court of Appeals for the Second Circuit has taken a very lenient approach.  Beller &

Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997).  Despite this leniency, the Second Circuit has found

Rule 60(b)(4) motions to be untimely where the party making the motion had previously challenged

the same judgment and failed to argue the judgment was void.  State Street Bank Trust Co. v.

Inversiones Errazuriz Limitada, 374 F.3d 158, 179 (2d Cir. 2006) (finding that a Rule 60(b)(4)

motion filed approximately one year and two months after judgment was untimely because

defendants failed to argue voidness in previous motion to vacate judgment).

Petitioner's Rule 60(b) Motion was made on May 6, 2008, over ten years after both the

Court's October 23, 1997 Order denying in part Petitioner's § 2255 motion and the Court's January

5, 1998 Order denying his motion for reconsideration.  Petitioner offers no explanation for this delay

in bringing his Rule 60(b) Motion.  Petitioner also had ample opportunities to argue that the October

23, 1997 Order was void in both his motion for reconsideration and his subsequent appeal to the

Second Circuit.  Moreover, to the extent that Petitioner bases his Motion upon Bousley v. United

States, 523 U.S. 614 (1998) as explained below, he offers no explanation for why he waited almost

ten years after the Supreme Court decided that case to file his Motion.  Given Petitioner's

unexplained delay of over a decade in filing his Motion and the ample opportunity Petitioner has

already had to challenge the judgment as void, it is proper to dismiss this Rule 60(b) Motion as

untimely.

### C.      Scope of Motion

Petitioner argues that he is entitled to an evidentiary hearing as to whether the jury

instruction at his criminal trial was erroneous as to the instruction's definition of "use" and "carry"

3

within the meaning of 18 U.S.C. § 924(c)(1)(A),[2] in light of <u>Bailey v. United States</u>, 516 U.S. 137

(1995).[3]  Petitioner further argues that he is entitled to an evidentiary hearing as to whether the

evidence adduced at trial was sufficient to support his conviction.  Specifically, Petitioner argues

that there was insufficient evidence to show that the gun was used or carried within the meaning of

18 U.S.C. § 924(c), and that any carrying of the gun was during and in relation to the crime.

  "[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule

60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying

criminal conviction."  <u>Harris v. United States</u>, 367 F.3d 74, 77 (2d Cir. 2004) (citing <u>Rodriquez v.

Mitchell</u>, 252 F.3d 191 (2d Cir. 2001)).  Rule 60(b) is not properly used as a mechanism to relitigate

issues already resolved in a prior § 2255 motion.  <u>See Davis v. United States</u>, No. 08 CIV 7515,

2009 WL 222354, *1 (S.D.N.Y. Jan. 27, 2009) (citing <u>Harris</u>, 367 F.3d at 82 and <u>Central Vermont

Pub. Serv. Corp. v. Herbert</u>, 341 F.3d 186, 190 (2d Cir. 2003)).  District courts have the discretion

to "simply deny[], as beyond the scope of Rule 60(b) . . .  the portion [of a Rule 60(b) motion]

believed to present new attacks on the conviction."  <u>Gitten v. United States</u>, 311 F.3d 529, 534 (2d

Cir. 2002).

  In his Motion, Petitioner attacks his underlying criminal conviction rather than challenging

the jurisdiction of this Court to have entertained his previous § 2255 proceeding.  He also raises

---

  [2] The statute provides for sentencing enhancements for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm[.]"  18 U.S.C. 924(c)(1)(A).

  [3] In <u>Bailey</u>, the Supreme Court held that conviction under 18 U.S.C. § 924(c)(1) for "use" of a firearm "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  516 U.S. at 143.

substantially the same arguments as he raised in his § 2255 Motion.  Accordingly, Petitioner's

Motion must be denied as beyond the scope of Rule 60(b).

Even if the Motion could be construed as falling within the allowable scope of Rule 60(b),

Petitioner's Motion must be denied.  In its Order on Petitioner's § 2255 motion, the Court already

addressed Petitioner's arguments regarding the jury instructions and the evidence as to whether the

gun was used or carried within the meaning of the statute, and Petitioner presents no adequate

grounds upon which that decision should be reconsidered.  The Court did not address the merits of

Petitioner's claim that the gun was not carried "during and in relation to" the drug trafficking crime,

as the Court determined that the Petitioner had procedurally defaulted his claim.  Petitioner correctly

asserts that, pursuant to the Supreme Court's decision in Bousley v. United States, 523 U.S. 614

(1998), he can be relieved from procedural default on that claim if he can demonstrate actual

innocence.  However, Petitioner has failed to demonstrate that "in light of all the evidence, it is

more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623

(internal quotations and citations omitted).  There was sufficient testimonial evidence adduced at

trial to support his conviction, including evidence that one of his co-defendants brought the gun

with him when traveling from Albany to New York City to address problems with suppliers of the

drug enterprise.  Therefore, Petitioner's Motion is denied.

III.     **CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Motion for relief from judgment pursuant to Federal Rule of

Civil Procedure 60(b) (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that the Court's October 23, 1997 and January 5, 1998 Orders (Dkt. Nos. 13

5

and 18) are **AFFIRMED**; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on all parties.

      **IT IS SO ORDERED**.


DATED:  May 18, 2009
          Albany, New York

                     Lawrence E. Kahn
                     U.S. District Judge

6